**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ELIZAVETA NEGRU,

Plaintiff,

v.

RED FIRST, LLC and

DUY TRINH,

Defendants.

Case No. 26-CV-12865

## COMPLAINT

Plaintiff Elizaveta Negru(“Negru”), by and through her attorneys, The Law Offices of Konrad Sherinian, LLC, hereby brings the present action against Red First, LLC and Duy Trinh (collectively, “Defendants”) and alleges as follows:

## THE PARTIES

1. Defendant DUY TRINH (“Trinh”) is on information and belief a resident of Carrollton, Texas.

2. On information and belief, Trinh is the President and owner of Red First, LLC (“Red First”).

3. On information belief, Trinh operates Red First including the website https://theredfirst.com and makes all decisions regarding the operations and marketing of that website.

4. On information and belief, Red First is a Texas limited liability company that was operated from December 30, 2022 through July 31, 2026, when it forfeited its existence by failing to comply with the requirements imposed by the State of Texas to properly operate.

5. Plaintiff Elizaveta Negru ("Negru") is an artist and store operator that operates the Amazon store Zazuleac World Shop and the Etsy store Zazuleac World.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 17 U.S.C. § 501, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, by selling products into Illinois.

8. Specifically, Defendant Red First has shipped infringing product into Illinois, and, an information and belief, Defendant Trinh, who is the owner and operator of Red First, directed the shipment of the product into Illinois, and is in all ways responsible for the sale and shipment of the aforementioned product into Illinois.

9. This Court has personal jurisdiction over each Defendant, because each Defendant conducts business in Illinois and in this judicial district. Furthermore, the acts and events giving rise to this lawsuit were undertaken in Illinois and in this judicial district. In addition, the defendants shipped infringing product into Illinois.

## PRIOR RELATED CASES

10. Pursuant to LR40.4 this case is related to earlier filed cases 2025-cv-3002, 2025-cv-4587 and 26-137, which dealt or deal with some of the same intellectual property as this case

## INTRODUCTION

11. Plaintiff, Elizaveta Negru, is the owner of the federal copyright registrations that protect the creative content of Plaintiff's images and illustrations. Negru is a content creator who creates aesthetically beautiful illustrations for household items.

12. This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale the same unauthorized and unlicensed product in connection with Plaintiff's images and illustrations. In addition, the Defendants are selling unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's images and illustrations.

13. Plaintiff is the owner of United States Copyright Registration No. VA 2-434-194 (the "Negru Works") and the registration is attached hereto as Exhibit 1. Upon information and belief, the copyrights have an effective date that predates the Defendants' acts of copyright infringement.

## THE PARTIES

14. Plaintiff, Elizaveta Negru, is the owner of the Copyright Registrations that protect the creative content of the Negru Works. Negru is a content creator who creates illustrations for household items. Negru markets high quality genuine products ("Negru Product") bearing Copyright Registrations through Negru's licensees.

15. Negru has been engaged in creative drawing for years. Negru's subjects include gift wrapping papers. Her creativity, knowledge and experience in drawing allows her to provide her customers with the most desirable and suitable solutions from an artistic point of view.

16. Negru has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Negru Works. As a result, products associated with the Negru Works are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Plaintiff.

17. Plaintiff is the owner of the United States Copyright Registration that covers the Negru Works. The Registration is valid, subsisting, and in full force and effect. True and correct copies of the registration certificate for the Negru Works are shown in Exhibit 1.

18. In an effort to illegally profit from the creative content of the Negru Works, Defendants have created the e-commerce website TheRedFirst.com which sells an infringing version of the Negru Works as shown below:




Negru's Design Sold by TheRedFirst.com

as of October 13, 2026

**<u>COUNT I</u>**
**COPYRIGHT INFRINGEMENT**

19. Plaintiff realleges and incorporates by reference the previous paragraphs of this Complaint.

20. The Negru Works have significant value and have been produced and created at considerable expense.

21. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the Negru Works, including derivative works. The Negru Works are the subject of valid Copyright Registration Certificate issued by the Register of Copyrights. (Exhibit 1).

22. Each Defendant, without the permission or consent of Plaintiff, has and continues to sell online pirated derivative works of the copyrighted Negru Works. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C.§101 et seq.).

23. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

24. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright law, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

25. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all unauthorized copies.

## **PRAYER FOR RELIEF**

WHEREFORE, Elizaveta Negru prays for judgment against Defendants as follows:

1. That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:
    a. Using the Negru Works or any reproductions, copies, or colorable imitations

thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Elizaveta Negru Product or is not authorized by Plaintiff to be sold in connection with the Negru Works;

b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Negru Works;

c. further infringing the Negru Works and damaging Plaintiff's goodwill;

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Negru Works, and which are derived from Plaintiff's copyrights in the Negru Works; and

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in the Negru Works;

2. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Internet Stores, Amazon.com, Amazon Pay (pay.amazon.com), Google Pay (pay.google.com), Pay-

Pal.com, Stripe.com, Visa credit card (visa.com), Mastercard credit card (mastercard.com), American Express credit card (americanexpress.com) and Apple Pay (apple.com) shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which reproduce the Negru Works or are derived from the Negru Works, including any accounts associated with the Defendants;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from the Negru Works; and

c. take all steps necessary to prevent links to the Defendant accounts from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index;

3. For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501 et seq.; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

4. For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

5. That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and;

6. Award any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

ELIZAVETA NEGRU

Date: October 20, 2026

By: /s/ Konrad Sherinian
An attorney for plaintiff

Attorneys for Plaintiff

Konrad Sherinian
E-Mail: ksherinian@sherinianlaw.net
Depeng Bi
E-Mail: ebi@sherinianlaw.net
THE LAW OFFICES OF KONRAD SHERINIAN, LLC
1755 Park Street, Suite # 200
Naperville, Illinois 60563
Telephone: (630) 318-2606
Facsimile: (630) 364-5825